IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:95-488-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LESTER JOHNSON | ) | |
| | ) | |

_____

  The *pro se* defendant/petitioner, Lester Johnson, is an inmate with the Federal Bureau of Prisons. He has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 contending that he should be resentenced under the Supreme Court's holding in *DePierre v. United States*, ___ U.S. ___, 131 S.Ct. 2225 (June 9, 2011), which basically established that cocaine base, as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form, which includes the molecule found in crack cocaine, freebase, and coca paste.

  The government, here the respondent, has filed a motion to dismiss the § 2255 motion, suggesting that the § 2255 motion is without merit and is untimely. The defendant responded to the government's motion to dismiss.

  For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be dismissed.

### PROCEDURAL HISTORY

  A review of the docket reveals that the defendant's conviction became final on or about October 6, 1999, which was 90 days after the Fourth Circuit Court of Appeals affirmed

1

the defendant's conviction. The present petition was filed on June 6, 2012.

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255.  In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under § 2255(f), a one-year period of limitations applies to any motion filed under § 2255, with the limitation period running from the latest of:  (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The

2

party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.*

Because the defendant is acting *pro se*, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The government first asserts that the § 2255 motion is untimely because it was filed more than twelve years after the defendant's conviction became final (on or about October 6, 1999).

The defendant argues that his motion is timely, contending that *DePierre* should be applied retroactively on collateral review and that § 2255(f)(3) allows a prisoner to assert the right to make a § 2255 motion within one year of the *DePierre* decision.

As the government correctly notes, *DePierre* did not identify any newly recognized right, rather it clarified existing law. Moreover, the Supreme Court has not made *DePierre*

3

retroactive on collateral review.  Without meeting these two factors, the defendant's motion cannot be considered timely under § 2255(f)(3).

A Certificate of Appealability is denied because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]  Denial of a Certificate of Appealability does not prevent the defendant from seeking permission to file a successive petition or pursuing her claims after obtaining such permission.

IT IS SO ORDERED.

March 11, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

4